# Edge v. City of Lexington.

Feb. 28, 1939.

King Swope, Judge.

R. W. KEENON, BAILEY D. BERRY and J. A. EDGE for appellant.

WILLIAM A. MINIHAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Lexington, a city of the second class, instituted this action against J. A. Edge, Annie Edge, his wife, and the Peoples Savings Fund and Building Association, a corporation, seeking judgment against J. A. Edge for taxes against certain real estate owned by him and described in the petition for the years 1931 and 1932, and for the enforcement of its tax lien and the sale of the property to satisfy same. The Peoples Saving Fund and Building Association held a lien against the property involved. Judgment was entered for plaintiff granting the relief sought and defendant J. A. Edge alone is appealing.

As grounds for reversal it is first argued in substance that a city of the second class can only levy and collect taxes under proper ordinances or resolutions and that the ordinances under which the involved taxes were levied are not effective for want of recordation. It was alleged in the petition that the tax levies were made under proper ordinances duly enacted, but appellant by answer made an attack on the ordinances for reasons indicated in his grounds for reversal. The same questions concerning the validity of the ordinance of the city of Lexington were raised in the case of Pure Milk Products & Distributors Association v. Paul Steel Morton, City Manager, et al., 276 Ky. 736, 127 S. W. (2d), 393, in an opinion handed down by this court on February 10, 1939, and were decided adversely to appellant's contention.

The tax bills against appellants covered eighteen different pieces of property and the taxes against three of these are the basis of contention in this action. Separate actions were brought by the city to recover the taxes against and enforce the lien on the various other properties. It was asserted in the court below and insisted here that this was a violation of the rule against splitting causes of action.

All the cases were heard on the record before us and the same relief granted to the plaintiff in each case. Appeals from the judgments in the other cases have been prosecuted, the record in each of them has been placed with the record in this case, and it has been stipulated by the parties that those appeals abide and be controlled by the decision of the court in this case. The record discloses that different parties other than J. A. Edge and Annie Edge, his wife, had equities in or liens against the various pieces of property and therefore there was a diversity of interests so far as the different lienholders were concerned. Therefore, if in any event separate causes to enforce a lien on separate properties might be considered an improper splitting of causes of action, it would not be so in these cases.

In appellant's answer it is alleged:

"These defendants state that prior to the institution of this action, the plaintiff, the city of Lexington, having before it alternate causes for the collection of taxes claimed by it, pretended to advertise the property of these defendants and did cause said

advertisement to be inserted in the official newspaper of the City of Lexington but the said property was misdescribed so that it could not be located by the purchaser, and contained mistakes and included property not belonging to defendants, and that by reason of this faulty advertisement and other faults and errors in the proceeding, the proceedings were wholly null and void. * * *''

It is further alleged in effect that the city proceeded with the sale and purchased the property or tax bills against same and would from year to year sell the property and merge each preceding year's taxes into the succeeding year; that under the statute the defendants are given 24 months from the date of the sale to pay the taxes and redeem the property and that by reason of such sale of the property, plaintiff is estopped from prosecuting this action.

In an amended answer the allegations with respect to the advertisement and sale of the properties were elaborated and it was alleged that the properties were advertised and sold for taxes sued for in this action; that there being no other bidder the city became the purchaser but that the owner had 24 months from the date of the sale within which to redeem the property, and the period of redemption had not expired; that having elected to prosecute that remedy for the collection of taxes, the city was estopped from maintaining this action. But in none of the subsequent pleadings was the allegation with respect to the validity of the advertisement, sale, etc., of the property withdrawn, nor had the demurrer thereto been sustained.

Section 3187d, Kentucky Statutes, relating to cities of the second class, provides in substance that in addition to other powers given to the cities of the second class under the statutes for the collection of taxes by sale of the delinquent's property, the city shall have the power to enforce the collection of any taxes and to enforce its lien on the property of the delinquent, by any and all remedies given by general law for the recovery of debt and that suit may be instituted at any time after the taxes become delinquent.

It is vigorously argued by appellant that the city having adopted the procedure of advertising and sale as provided in Section 3187 of the Statutes, it was bound by its election of that remedy and estopped from

prosecuting the other remedies provided by Section 3187d, supra. With respect to election of remedies it is said in effect in 9 R. C. L. 958, that the doctrine applies where there are two or more remedies existing at the time of the election and which are alternate and inconsistent with each other and not cumulative. By Section 3187j, Kentucky Statutes, which is included in charters of cities of the second class, the legislature has attempted to make the remedies given therein with respect to the payment and collection of taxes cumulative, each remedy being in addition to other remedies therein given and in addition to any remedy now provided or that may be provided for the collection of city taxes. However, we do not deem it necessary to go into that phase of the case and determine whether it was competent for the legislature to, and if so, whether in fact it has empowered cities of the second class to prosecute at the same time the different modes of procedure prescribed for the collection of taxes.

Appellant by his answer as amended alleged that the method of procedure already adopted by the city for the collection of taxes, and on which he relies and pleads as an estoppel, was illegal, null and void. It is a firmly established principle in the law of estoppel that one may not be permitted to allege in an action that a proceeding is void for one purpose and at the same time allege and rely on it as valid for other and different purposes. 10 R. C. L. 700. Appellant's allegations that the attempted advertisement and sale of his property for taxes was illegal and void is wholly inconsistent with his plea of estoppel. He is bound by his allegations that the advertisement and sale of his property was void and therefore a nullity. A void deed may not be made the basis of an estoppel (21 C. J. 1107), nor may estoppel be predicated on an invalid contract (21 C. J. 1111). The same rule necessarily applies to void proceedings or other invalid acts. Therefore, regardless of any question of merit in appellant's contention as a general principle, the conclusion is inescapable that the paragraph of appellant's answer as amended setting up his plea of estoppel was subject to demurrer and the judgment sustaining the demurrer thereto should not be disturbed although different reasons may have been assigned for such action.

Wherefore, the judgment in this and each of the companion cases is affirmed.